Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1805 | **DATE** | 6/7/2001 |
| **CASE TITLE** | Cinquegrani vs. Sandel Avionics et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The motions (Doc 11-1 & 12-1) to dismiss are granted. The complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 0 8 2001 date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | JUN 0 8 2001 date mailed notice | |
| SCT | courtroom deputy's initials | 01 JUN -7 PM 3: 52 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SALVATORE CINQUEGRANI and )
WAYPOINT AVIATION SERVICES, INC., )
)
Plaintiffs, )
)
vs. ) No. 01 C 1805
SANDEL AVIONICS, et al., )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Defendants Honeywell International, Inc. and Sandel Avionics to dismiss the complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

On a Rule 12(b)(6) motion to dismiss, we are obligated to accept as true the well-pleaded allegations of the complaint, as follow. On June 9, 1999, Plaintiffs Salvatore Cinquegrani and Waypoint Aviation Services, Inc. ("Waypoint") purchased an airplane (the "M20M") manufactured by Defendant Mooney Aircraft Inc. ("Mooney") for $521,550.00. The M20M included components manufactured by



Defendants Honeywell International Inc.[1] ("Honeywell") and Sandel Avionics ("Sandel"). Mooney, Honeywell, and Sandel (collectively, "Defendants") each issued to Plaintiffs one or more written manufacturer's warranties covering various parts of the aircraft.

Shortly after taking possession of the M20M, Plaintiffs discovered a number of defects. Defendants, through their authorized dealer network, attempted to repair the airplane on numerous occasions but were ultimately unsuccessful. As a result, at the time of filing of the complaint, the M20M had been flown only 160 hours, 75 of which pertained to repairs or repair visits. Plaintiffs ultimately lost faith in the safety and reliability of the M20M, and they revoked their acceptance of the aircraft. Defendants refused the revocation.

Plaintiffs brought suit against Defendants in the Circuit Court of Will County, Illinois, alleging breach of warranty and revocation of acceptance under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson-Moss" or the "Act"). Defendants removed the case to federal court. Honeywell and Sandel have now moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject matter jurisdiction.

---

[1] Incorrectly identified in the complaint as "Honeywell, Inc."

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Associates, Inc. v. Chicago Housing Authority, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ.

P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

The sole question before the Court on Defendants' motion to dismiss is whether the M20M is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act. Magnuson-Moss is a federal statute which regulates the content of written consumer warranties and creates a federal right of action against any covered warrantor who breaches a written or implied warranty. The purpose of the Act is "to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products" by requiring warrantors to "fully and conspicuously disclose in simple and readily understood language the terms and conditions of [their] warranty." 15 U.S.C. § 2302(a).

Magnuson-Moss applies only to warranties on "consumer products," which it defines as "any tangible property which is distributed in commerce and which is normally used for personal, family, or household purposes...." 15 U.S.C. § 2301(1). The Federal Trade Commission has interpreted this provision as follows:

> The Act applies to written warranties on tangible personal property which is normally used for personal, family, or household purposes....This means that a product is a "consumer product" if the use of that type of product is not uncommon. The percentage of sales or the use to which a product is put by any individual buyer is not determinative. For example, products such as automobiles and typewriters which are used for both personal and commercial purposes come within the definition of consumer product. Where it is unclear whether a particular product is covered under the definition of consumer product, any ambiguity will be resolved in favor of coverage. 16 C.F.R. § 700.1(a).

Most courts applying this section of Magnuson-Moss have followed the FTC's lead and held that in determining whether a product is covered by Magnuson-Moss, the particular use to which the plaintiff puts the product is not determinative. EDP Systems, Inc. v. Mercedes-Benz, 1987 WL 7828 (N.D. Ill. 1987); CAT Aircraft Leasing, Inc. v. The Cessna Aircraft Co., 1990 WL 171010 (D. Kan. Oct. 3, 1990); Najran Co. v. Fleetwood Enterprises, Inc., 659 F. Supp. 1081, 1099 n. 12 (S.D. Ga. 1986); Business Modeling Techniques, Inc. v. General Motors Corp., 123 Misc.2d 605, 474 N.Y.S.2d 258 (Sup. Ct., Monroe Co. 1984); but see Balser v. Cessna Aircraft Co., 512 F. Supp. 1217, 1219 (N.D. Ga. 1981) (looking to purchaser's specific use of product to determine coverage). Consistent with this trend, the parties to this litigation agree that we must look more broadly at general customer use of the product for personal, family, or household purposes. If such use is not uncommon, then the product is a consumer product covered by the Act. See id.; 16 C.F.R. § 700.1(a).

Consequently, the apparent factual dispute over whether Waypoint purchased the M20M for Cinquegrani's personal use or for business purposes is immaterial at this stage of the proceedings. See Triad Charters, Inc. v. Viking Yacht Co., 1989 WL 21763, at *4 (D.N.J. March 6, 1989). What is relevant is whether personal use of the product is uncommon within the meaning of the statute.

We are guided in our analysis by the enforcement policy issued by the FTC after the Act was passed. The policy initially listed "small aircraft" as an example of a consumer product covered by Magnuson-Moss, but the Commission omitted the example a year later after it received data showing that no appreciable portion of new aircraft was sold to consumers for personal, family, or household use. See Clark and Smith, The Law of Product Warranties, ¶ 15.02[1][a], at 15-4 – 15-5 (1984); see also 40 Fed. Reg. 25,722 (1975); 41 Fed. Reg. 26,757 (1976). In our view, the FTC's removal of small aircraft from its list of consumer products militates against Magnuson-Moss coverage for aircraft like the M20M. Other courts considering the issue have agreed. In CAT Aircraft Leasing, Inc. v. The Cessna Aircraft Co., 1990 WL 171010 (D. Kan. Oct. 3, 1990), for example, the court relied on the change in the FTC's enforcement policy in determining that "the protections afforded by Magnuson-Moss Act are not designed to encompass the purchase of a $3,000,000 jet." Similarly, in Patron Aviation, Inc. v. Teledyne Industries, 267 S.E.2d 274, 278, 154 Ga. App. 13

(Ga. Ct. App. 1980), the court concluded that "it would stretch the greatest of imaginations to hold that an aircraft engine is 'normally used for personal, family or household purposes.'"

We adopt the reasoning of the FTC and of these courts in holding that the purchase of a $500,000 aircraft is not the type of consumer action that Magnuson-Moss was enacted to protect. Although Cinquegrani has cited <u>Balser v. Cessna Aircraft Co.</u>, 512 F. Supp. 1217, 1219 (N.D. Ga. 1981), for the proposition that courts cannot declare, as a matter of law, that an airplane is not a "consumer product" within the meaning of Magnuson-Moss, the case is easily distinguishable. The <u>Balser</u> court did hold that whether an aircraft was covered by Magnuson-Moss was a factual question inappropriate for disposition on a motion to dismiss. Its decision to this effect was, however, based on an erroneous application of the test for determining whether the aircraft in question was a consumer product – the court looked to the plaintiff's actual use of the airplane instead of the product's common use by the general public. As stated above, this standard has been rejected by the FTC and by most courts that have addressed the issue. The <u>Balser</u> decision therefore does not dictate a result contrary to the one we reach today.

Accordingly, we find that Plaintiffs' $500,000 airplane is not a consumer product within the meaning of the Magnuson-Moss Warranty Act. The complaint, which states claims brought exclusively under the Act, is therefore dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. The complaint is dismissed without prejudice.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: June 7, 2001